Thomas Holliday et al. *vs.* Timothy T. Cooper.

If, to an action on a penal bond with a condition, to recover damages for a breach
of the condition, the defendants plead general performance, and the plea be re-
plied to and issue joined—the burden of proof is on the plaintiff, and to entitle
him to recover, he must prove the breach of the condition as alledged in his
declaration.

But if the defendants plead a special performance the rule is otherwise.

This was an action of debt brought by Timothy T. Cooper
against Thomas Holliday, Henry Barlow and Shadrack Mat-
thews, to the May term, 1840, of the circuit court of Copiah
county, on a bond in a penalty of twelve hundred dollars; con-
ditioned for the re-delivery of certain negroes on the first Mon-
day of November, 1839, by twelve o'clock, noon. The dec-
laration alledged a failure to re-deliver the negroes agreeably to
the condition of the bond. The defendants craved oyer, and
pleaded general performance. To which there was a replication
and issue joined in short by consent. Upon the trial of the
cause the plaintiff read the bond and condition to the jury;
and then proved by John D. Taylor that he, Taylor, on the 8th
day of July, 1839, purchased for the plaintiff, the negroes named
in the condition of the bond; and by John W. Ainsworth that
he knew the negroes, and they were worth about one thousand
dollars. No other proof being offered, the defendants' counsel
asked the court to instruct the jury, " that unless the plaintiff
had proved that the conditions of the bond declared upon, were
broken by the defendants, the plaintiff could not recover; and
also that the burthen of proving the breaches of the condition
alledged in the plaintiff's declaration, is thrown upon the plain-
tiff." Which instructions the court refused to give, and the
defendants excepted. The jury found for the plaintiff, and.
the defendants bring the case up by writ of error.

*Morehead*, for the defendant in error.

The plaintiff below has a right to elect, to assign one or several breaches. *Monro* v. *Alaire*, 2 Caine's R. 328. A plea of general performance to such declaration, would not put the plaintiff below upon proof of such breaches. It should show, specially, how, when and where the conditions were performed. Vide *Post Master General of the United States* v. *Cochran*, 2 Johns. R. 314.

But the two instructions asked, were abstract principles of law, and the court below was not bound to give them to the jury.

But the plaintiff below, submits whether he was bound to any further proof, than the reading of the bond on which the action was founded to the jury, taken with the testimony of John D. Taylor and John W. Ainsworth, as taken and set forth in the bill of exceptions. The replication must be presumed to assign the breaches as fully as they are assigned in the declaration. The plea being such as would have been bad on demurrer, not showing how, when or where the conditions were performed, the case was as fully made as could be required of the plaintiff below, till evidence at last was offered by way of rebuttal, and so the jury thought and found accordingly.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

Cooper, the defendant in error, instituted this suit on a bond made by the plaintiffs in error, in the penalty of twelve hundred dollars, conditioned for the delivery of three negroes at a time and place therein specified. In the declaration the non-delivery of the negroes at the time and place specified is assigned as a breach of the condition. The defendants' craved oyer and pleaded general performance, on which the plaintiff took issue. On the trial the defendants' counsel asked the court to instruct the jury, " that unless the plaintiff had proved that the conditions of the bond declared on, were broken by the defendants, the plaintiff could not recover ; and that the burthen of proving the breaches of the condition alledged in the plaintiff's

declaration, is thrown upon the plaintiff." This charge was refused, and such refusal is assigned as ,error, and constitutes the only question which the case presents.

This is not a mere money bond, and the rule applicable to such bonds does not prevail in this case. The performance of a covenant or condition was secured by a penalty. The plaintiff seeks to recover damages for the breach of the condition, which breach he assigned in his declaration. His right of action depends upon the breach of the condition by the failure to deliver the negroes at the time and place agreed on; and having predicated his right to recover on the breach of the condition, he must in this, as in other cases, prove a cause of action. He chose to assign a breach in his declaration, and the defendants pleaded general performance, which was accepted as a good plea. The issue imposed on the plaintiff the necessity of proving the breach as laid. When the defendant pleads special performance, then the burden of proof falls upon him. The case stands in the same attitude that it would have stood if the defendant had pleaded general performance, and the plaintiff had assigned breaches in his replication. The issue in either case is on the plea of performance, and the rule of law is as above stated; the plaintiff must prove the breach. 1 Saunders on Pleading and Evidence, 322. The court therefore erred in refusing to give the charge. The proof introduced by the plaintiff did not tend in the slightest degree to prove the breach, and the judgment must therefore be reversed and the cause remanded.